JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOPHIE, INC., formerly known as mSTATION Corporation, a California Corporation,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SIDRAH QADEER, a.k.a. SIDRAH AHMED, an Individual, and Does 1-10, Inclusive,<br><br>　　　　　Defendants | Case No.: CV11-07329 JFW (VBKx)<br><br>**JUDGMENT** |

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

Plaintiff MOPHIE, INC., is hereby awarded final judgment on its claims for relief against Defendant SIDRAH QADEER, a.k.a. SIDRAH AHMED, in the sum of $830,000.00 under 15 *U.S.C.* §1117(c)(2) and 17 *U.S.C.* §504(c)(2), as the

- 1 -
**JUDGMENT**

prevailing party in this action, pursuant to Rule 55(b) of the *Federal Rules of Civil Procedure* and under Local Rule 55-1. Under Local Rule 55-3, Plaintiff is awarded attorneys' fees of $5,600.00. Plaintiff is further awarded costs, pursuant to the *Lanham Act* and *Copyright Act*, 17 U.S.C. §504(c), to be determined by the Notice of Application to the Clerk to Tax Costs within fifteen (15) days after the entry of judgment. Furthermore, Defendant is permanently enjoined and restrained from the following activities and conduct and ordered as follows:

a) Defendant and any person or entity acting in concert with, or at the direction of her, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which she may exercise control, are hereby restrained and enjoined, pursuant to 15 *U.S.C.* § 1116, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

i) copying, manufacturing, importing, exporting, marketing, sale, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of, any of Plaintiff's MOPHIE® trademarks and copyrights, and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's MOPHIE® trademarks and copyrights, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

ii) performing or allowing others employed by or representing her, or under her control, to perform any act or thing which is likely to injure Plaintiff, any of Plaintiff's MOPHIE® trademarks and copyrights, and/or Plaintiff's business reputation or goodwill;

   iii) engaging in any acts of federal and/or state trademark and/or copyright infringement, false designation of origin, unfair competition, dilution, or other act which would tend damage or injure Plaintiff; and/or

   iv) using any Internet domain name or website that includes any of Plaintiff's Trademarks and Copyrights, including the MOPHIE® marks.

  b) Defendant is ordered to deliver immediately for destruction all unauthorized products, including counterfeit MOPHIE® products and related products, labels, signs, prints, packages, wrappers, receptacles and advertisements relating thereto in her possession or under her control bearing any of Plaintiff's intellectual property or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same, to the extent that any of these items are in Defendant's possession.

  IT IS SO ORDERED, ADJUDICATED and DECREED this 20th day of January, 2012.

_____
HON. JOHN F. WALTER
United States District Judge